999 F.2d 539
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Laverne BRAZILE, Plaintiff-Appellant,
v.
SECRETARY OF HEALTH AND HUMAN SERVICES, Defendant-Appellee.
 No. 92-4275.
 United States Court of Appeals, Sixth Circuit.
 July 8, 1993.
 
 1
 Before KENNEDY and MARTIN, Circuit Judges, and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Laverne Brazile, a social security claimant represented by counsel, appeals a district court judgment affirming the Secretary's denial of her application for supplemental security income disability benefits. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument, and the panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 Brazile filed her application for supplemental security income on March 9, 1989, alleging a disability due to problems with her right ankle and left shoulder. She also suffers from diabetes mellitus and had her right kidney removed in March 1989. She was born on March 16, 1939, and has a tenth grade education. She testified at the administrative hearing that she is capable of reading and writing. She has no past relevant work experience.
 
 
 4
 At the administrative hearing, Brazile was represented by a friend. An administrative law judge (ALJ) determined that Brazile had the residual functional capacity (RFC) to perform a full range of light work. Relying on the medical-vocational guidelines (Rule 202.10), the ALJ determined that Brazile could perform a significant number of jobs in the economy. Therefore, he found her not disabled.
 
 
 5
 Brazile then filed a complaint seeking judicial review. She was represented by counsel during the district court proceedings. A magistrate judge recommended affirming the Secretary's denial of benefits. Upon de novo review in light of Brazile's objections, the district court accepted the magistrate judge's report and dismissed the case.
 
 
 6
 On appeal, Brazile argues that the Secretary's decision is not supported by substantial evidence because: (1) the ALJ did not develop a full and fair record; (2) she did not knowingly waive her right to be represented by an attorney at the administrative hearing; (3) the ALJ did not properly assess her complaints of pain and credibility; and (4) the ALJ erred in assessing her RFC.
 
 
 7
 Upon review, we conclude that there is substantial evidence to support the Secretary's decision. Brainard v. Secretary of Health and Human Servs., 889 F.2d 679, 681 (6th Cir.1989) (per curiam).
 
 
 8
 An ALJ has a duty to develop an adequate record to support his decision, Born v. Secretary of Health and Human Servs., 923 F.2d 1168, 1173 (6th Cir.1990), and he has a special duty to develop a full and fair record where the claimant is proceeding without representation. Lashley v. Secretary of Health and Human Servs., 708 F.2d 1048, 1051 (6th Cir.1983). The ALJ in this case did fully and fairly develop the record in order to support his decision of nondisability and the absence of counsel alone is not grounds for reversal. Holden v. Califano, 641 F.2d 405, 408-09 (6th Cir.1981). Contrary to her attorney's allegation, the record does not support the conclusion that Brazile is functionally illiterate or that she did not understand her right to be represented by counsel at the administrative hearing. The ALJ also considered and discussed Brazile's kidney problem. As to any psychological problem, the record does not show that Brazile has any history of mental health problems and, although it was recommended that Brazile seek counseling after she was struck by a motorcycle, she never followed through with this recommendation. The ALJ had Brazile undergo a consultative evaluation prior to the administrative hearing, sent out for additional records after the hearing, and left the record open for several weeks in order to give Brazile the opportunity to submit additional evidence if she desired. In light of these factors, the ALJ adequately developed the record to support his decision of nondisability.
 
 
 9
 Furthermore, Brazile's subjective complaints in the absence of objective medical evidence to support the existence or severity of the alleged symptoms cannot be a sufficient basis for establishing disability. See McCormick v. Secretary of Health and Human Servs., 861 F.2d 998, 1002-03 (6th Cir.1988). Credibility determinations regarding a claimant's subjective complaints properly rest with the ALJ, and it is the Secretary's function to resolve conflicts in the evidence and to determine issues of credibility. King v. Heckler, 742 F.2d 968, 974 (6th Cir.1984). The physical findings and Brazile's treatment history do not show that her medical condition is of such severity that it can reasonably be expected to produce disabling ankle and shoulder pain, or that she would be unable to perform light work.
 
 
 10
 Accordingly, the district court's judgment is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, Jr., U.S. District Judge for the Middle District of Tennessee, sitting by designation